**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of Lussier and Noe        }   Docket No. 116-5-02 Vtec
                                        }
                                        }
                                        }
                                        }

<u>Decision and Order</u>

Appellants Real Lussier and Lois Noe appealed from a decision of the Development Review Board (DRB) of the Town and Village of Ludlow granting a conditional use permit to Mary Mutz for a 100-seat restaurant on a 4.4-acre parcel of land at the corner of State Route 100 and Hemingway Hill Road. This decision is an on-the-record appeal as the Board has adopted and implemented the procedures necessary for such appeals.

Appellants are represented Karl C. Anderson, Esq.; Appellee-Applicant Mary Mutz is represented by Martin Nitka, Esq. The Town and Village, represented by J. Christopher Callahan, Esq., entered an appearance but did not participate in the briefing of the matter. The record was received by the Court; however, neither a tape of the hearing nor transcripts of the hearing were provided by any party, although the Court specifically inquired and set a schedule for the parties to decide if they were going to do so. The parties were given the opportunity to submit written memoranda. Upon consideration of the portions of the record provided to the Court, together with the parties= memoranda, the Court concludes as follows.

Appellee-Applicant first argues that Appellants lack standing because they argue only that the DRB made an erroneous decision and not that the decision violates the zoning ordinance. To the contrary, Appellants= assertion that the DRB failed to make adequate findings on at least two of the standards required for conditional use approval, is an assertion that the decision violates the zoning ordinance.

In an on-the-record appeal, the factual findings of the administrative body are given great weight, although they are not conclusive. The Court must determine if substantial evidence exists in the record as a whole from which the factual findings of the DRB might reasonably be inferred. See, <u>In re Petition of Town of Sherburne</u>, 154 Vt. 596, 604-05 (1990).

The DRB stated that it relied on observations made by the Board during a site visit, sworn testimony presented during a public hearing on March 11, 2002, and documents in the file. Unfortunately, the only portion of this record provided to the Court consists of the documents in the file and the minutes of the hearing.

The DRB made no photographic or written record of its observations during the site visit, nor did Appellee-Applicant submit any photographs of the surrounding area. Thus, although Appellee-Applicant refers to the existence of a bed-and-breakfast and an automobile repair facility directly across Route 100 from the proposed project, evidence of these uses does not appear in the record of this proceeding. Similarly, although Appellants refer to the steepness of Hemingway Hill Road (which might be expected at least from its name), no evidence of the grade or topography of the road appears in the record.

As far as can be determined from the minutes, no one gave any testimony regarding the nature of the current traffic on roads and streets in the vicinity; the amount of traffic to be expected to turn onto or from the property onto Hemingway Hill Road; the expected effect of that traffic on either of the roads, or on traffic at the intersection of the two roads; the availability of sufficient sight distances for traffic on the road, which is shown on the site plan as curved at the location of the driveway; or whether there is any change of grade in that segment of the road. The sole statement in the record regarding traffic is the police chief= s letter stating that the project will produce additional traffic, that he could not say what the effect would be on the roadway, that the roadway should be repaved and the center line[1] clearly marked, that the roadway is narrow, and that a sign should be provided. Appellee-Applicant proposes to comply with all the requirements in this letter.

As far as can be determined from the minutes, no one gave any testimony regarding the character of the surrounding area, including how busy or commercial in nature is the area fronting on Route 100; or any testimony regarding whether the proposed project will be compatible with or have any adverse effect upon the character of the area. It appears that Appellants are concerned that vehicles will continue up Hemingway Hill Road into their > quiet and peaceful= neighborhood from the restaurant location, but no evidence appears in the record to show that adequate signage would not be sufficient if it directed traffic into the restaurant parking lot and directed exiting patrons to turn right to reach Route 100.

The DRB made no factual findings[2] regarding what the current level of traffic is on the roads and streets in the vicinity of the project, nor on what traffic can be expected to be generated by the project, nor on its effect on the traffic on the roads and streets in the vicinity. The DRB made no factual findings regarding what is the character of the area potentially affected by this project, nor on how the project might affect or be compatible with the character of the area.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that the decision of the DRB granting Application No. 206-02-CU is hereby vacated and remanded for further findings or further proceedings before the DRB, because 1) substantial evidence does not exist in the record as a whole[2] from which any factual finding regarding the effect of the project on traffic on the roads and streets in the vicinity, or the effect of the project on the character of the area, might have been made, and because 2) the DRB failed to make any factual findings regarding the effect of the project on traffic generated by the project on the roads and streets in the vicinity of the project, and failed to make any factual findings regarding the effect of the project on the character of the area.

However, because this is an on-the-record appeal, we must note that the DRB is free to make such findings (if evidence exists for them in the record that was not supplied to the Court) or to hold a supplementary hearing to take any additional evidence, and to issue a revised ruling on the project application. This decision by the Court is solely a decision on whether there was evidence in the record and adequate findings on the two contested issues, and does not represent any ruling on whether the conditional use permit should or should not be granted. Specifically, Appellants= request for the Court to hold a de novo hearing and deny the permit is itself denied; that procedure would be contrary to statute in a municipality which has adopted the procedures necessary for on-the-record review.

Dated at Barre, Vermont, this 16th day of September, 2002.

_____
Merideth Wright
Environmental Judge

---

## Footnotes

1. The letter says 'center lane' but as it also states that the roadway is narrow; we infer that the letter intended to say 'center line.'

2. The three findings under this heading are that the project has 40 parking spaces, that it will be served by an existing driveway, and that a sign will be placed on Hemingway Hill Road to direct traffic to the restaurant driveway.

3. At least as supplied to the Court without either a transcript of the hearings or the tape of the hearings.